**In the Matter of WARWICK PARK, INC., a Delaware corporation, Debtor.**

**Bankruptcy No. 89–31.**

United States Bankruptcy Court, D. Delaware.

May 17, 1989.

Benjamin F. Shaw, III, Georgetown, Del., for debtor.

John A. Sergovic, Jr., Georgetown, Del., for Gary C. VanLier.

### BENCH DECISION

HELEN S. BALICK, Bankruptcy Judge.

Gary C. VanLier has moved for the appointment of a trustee in Warwick Park, Inc. The evidence presented at hearing on May 11 failed to disclose any fraud or dishonesty on the part of Claudia Backus, president of Warwick Park. The court dismissed those allegations and directed counsel to present argument as to the other elements of 11 U.S.C. § 1104. Those elements as stated under § 1104(a) require the appointment of a trustee if the current management is incompetent or has grossly mismanaged the affairs of the debtor either before or after the filing of the bankruptcy case OR if the appointment is in the interest of creditors, any equity security holder and other interests of the estate.

Claudia Backus owns 75% of the stock of the corporation by virtue of an award from a Maryland Domestic Relations Court. Gary VanLier owns 25% of the stock. Michael Backus, Claudia Backus' former husband, and Gary VanLier incorporated Warwick Park in 1987. Its business was and is the development and sale of raw land for permanent housing construction. Between 1987 and now, the relationships between

the interested parties disintegrated. Gary VanLier and Michael Backus, former president and individual primarily responsible for the operations of Warwick Park, had a gradual falling out and VanLier's activity in the day-to-day operations of Warwick Park diminished over time to that of an interested stockholder.

Claudia Backus became president and responsible for the day-to-day operation of the corporation after Michael Backus absconded with approximately one-half million dollars worth of corporation assets. Mrs. Backus' previous activity with the corporation was limited to that of secretary, receptionist and aiding Mr. Backus in selling lots.

Although Warwick Park is located in Sussex County, its sales office is located in Mrs. Backus' home in Salisbury, Maryland, approximately one hour from the site. The property is not listed with a broker. There is no one available at the site to conduct promotional activities nor is there the ability to conduct sales promotions as when Mr. Backus was on the scene. Among the missing assets of the corporation is a 50' boat that was used for promotional activities and Michael Backus was an experienced salesman. Despite Mrs. Backus' extensive attempts to locate Mr. Backus' whereabouts, she failed to file any criminal charges with state or federal authorities.

During the past two years, only five lots have been sold, four in 1987 and one in 1988. Except for the payment of $2,000 to obtain a release of mortgage on a sale of a lot, no payments have been made on the first mortgage. A default judgment was entered on the boat loan. No arrangements have been made with the first mortgage holder to arrange for a release figure upon sale of lots. Despite a substantial land inventory, its value is being severely eroded by interest charges. The development is suffering from delayed maintenance despite the corporation's receipt of boat slip rental fees and maintenance fees from the homeowners in the Park. There is no explanation as to where these funds, the cash from the sale of the lots and proceeds of a $12,000 loan, went other than

to pay Mrs. Backus' salary of $15,000 per year and other expenses of the corporation. Although Mrs. Backus has a license to sell real estate in Maryland, she lacks the understanding and experience to operate the business of Warwick Park. Her failure to seek outside assistance reflects incompetence and mismanagement.

Moreover, even if Mr. VanLier failed to establish a required element under § 1104(a)(1), the court would be required to direct the appointment of a trustee under subsection (a)(2) as it would be in the best interests of not only the secured creditors but the equity security holders, Mrs. Backus and Mr. VanLier, to speedily undertake the sell-out of the Park.

An order directing the appointment of a trustee will be entered.